IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY WILSON,<br><br>　　Plaintiff,<br><br>vs.<br><br>D.O.R.D.C., LLC and ANTHONY DOWELS,<br><br>　　Defendants. | Civil Action Number: |

## COMPLAINT

Plaintiff Gregory Wilson by and through the undersigned counsel, brings this Complaint against Defendants D.O.R.D.C., LLC ("D.O.R.D.C.") and Anthony Dowels and ("Dowels") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to recover due but unpaid minimum wage and an additional like amount as liquidated damages; and be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit, and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because D.O.R.D.C. is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Fulton County, Georgia.

7.

D.O.R.D.C. employed Plaintiff as a cement finisher in and around Greensboro, Georgia from July 2012 through September 2012.

8.

At all times relevant hereto, Plaintiff was an "employee" of D.O.R.D.C. as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

At all times relevant hereto, Plaintiff was "engaged in commerce" as an employee of D.O.R.D.C. as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a).

10.

At all times relevant hereto, Plaintiff was engaged in the "production of goods for commerce" as an employee of D.O.R.D.C. as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

11.

D.O.R.D.C. is a limited liability corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, D.O.R.D.C. has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

At all times relevant hereto,, D.O.R.D.C. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

14.

During 2012, D.O.R.D.C. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, D.O.R.D.C. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, D.O.R.D.C. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, D.O.R.D.C. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

At all times material hereto, D.O.R.D.C. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

19.

D.O.R.D.C. is subject to the personal jurisdiction of this Court.

20.

D.O.R.D.C. may be served with process at its last known principal business address 3810 Rock Hollow Court, Conley, GA 30288.

21.

Dowels resides within Fulton County, Georgia.

22.

At all times material hereto, Dowels exercised operational control over the work activities of Plaintiff.

23.

At all times material hereto, Dowels was involved in the day to day operation of the D.O.R.D.C. in which Plaintiff worked.

24.

At all times material hereto, D.O.R.D.C. vested Dowels with supervisory authority over Plaintiff.

25.

At all times material hereto, Dowels exercised supervisory authority over Plaintiff.

26.

At all times material hereto, Dowels scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

27.

At all times material hereto, Dowels exercised authority and supervision over Plaintiff's compensation.

28.

At all times material hereto, Dowels has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

29.

Dowels is subject to the personal jurisdiction of this Court.

30.

Dowels may be served with process at his residence located at 3810 Rock Hollow Court, Conley, GA 30288.

31.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

32.

Defendants requested Plaintiff to work on their behalf from July 2012 through September 2012.

33.

Defendants failed to pay Plaintiff at a rate equaling or exceeding the minimum wage as established in accordance with the FLSA from July 2012 through September 2012.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

34.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

35.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

36.

From on or about July 2012 through September 2012, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

37.

From on or about July 2012 through September 2012, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

38.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

41.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

42.

Plaintiff and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about July 2012 through September 2012.

43.

The Contract provided that D.O.R.D.C. would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant at the rate of $130.00 per day.

44.

Defendant failed to pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant at the rate of $130.00 per day.

45.

Defendant's failure to pay Plaintiff for all work performed from on or about July 2012 through September 2012 at the rate of $130.00 per day constitutes a material breach of the Contract.

46.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III – QUANTUM MERUIT**

47.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

48.

From on or about July 2012 through September 2012, Plaintiff served as a cement finisher for Defendants.

49.

Plaintiff's service as a cement finisher for D.O.R.D.C. as described above was valuable to Defendants.

50.

Defendants requested Plaintiff's service as a cement finisher.

51.

Defendants knowingly accepted Plaintiff's service as a cement finisher.

52.

The receipt of Plaintiff's services as a cement finisher for Defendants without compensation would be unjust.

53.

Plaintiff expected to be compensated at the time he provided his services as a cement finisher.

54.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services he provided as a cement finisher for Defendants, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL

55.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

56.

In July 2012, Defendants promised to pay Plaintiff in return for Plaintiff's service as a cement finisher for them.

57.

Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a cement finisher for Defendants.

58.

Defendants promise induced Plaintiff to act in reliance thereon, i.e., to serve as a cement finisher for Defendants, to his detriment.

59.

Plaintiff's service as a cement finisher for Defendants conferred a benefit on Defendants.

60.

Defendants failed to pay Plaintiff in accordance with their promise.

61.

Plaintiff relied on Defendants' promise.

62.

Plaintiff's reliance on Defendants' promise was reasonable.

63.

Injustice can only be avoided by enforcement of Defendants' promise.

64.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services he provided as a cement finisher for Defendants in an amount to be determined at trial.

**WHEREFORE,** Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in due but unpaid minimum wage from on or about July 2012 through September 2012 due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendants for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

                        Respectfully submitted,

                        ***DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC***

                        */s/CHARLES R. BRIDGERS*
                        CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER     GA. BAR NO. 080791
101 MARIETTA STREET
ATLANTA, GEORGIA 30303     */s/ KEVIN D. FITZPATRICK, JR.*
(404) 979-3171                        KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                GA. BAR NO. 262375
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com    **COUNSEL FOR PLAINTIFF**