IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY WILSON, | : |
| | : Civil Action Number: |
| Plaintiff, | : |
| | : |
| vs. | : 1:13-cv-01961-WSD |
| | : |
| D.O.R.D.C., LLC, ANTHONY DOWELS, FINE POINT INVESTMENTS, LLC, and VICTORIA TARLETON, | : : : : |
| | : |
| Defendants. | : |

### SETTLEMENT AGREEMENT AND FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Mutual Release of all Claims ("Agreement") is made and entered into by and between Gregory Wilson ("Plaintiff") and D.O.R.D.C., LLC, Anthony Dowels, Fine Point Investments, LLC and Victoria Tarleton ("Defendants"). The foregoing Plaintiff and Defendants are collectively referred to as "Parties."

### WITNESSETH:

**WHEREAS,** the Plaintiff filed a lawsuit against Defendants in the United States District Court for the Northern District of Georgia, Civil Action number

1

1:13-cv-01961-WSD, alleging violations of the Fair Labor Standards Act ("the Federal lawsuit"); and

**WHEREAS**, the Defendants have denied and continue to deny any liability for those claims and assert that there is no factual or legal basis for Plaintiff's allegations of liability; and

**WHEREAS**, without any admission of liability by any of the Parties, the Parties, represented by counsel, entered into an oral settlement agreement on March 13, 2014, in which they set forth the terms of a general agreement between the Parties; and

**WHEREAS**, the Parties desire to set forth in this written Agreement their final settlement terms;

**NOW, THEREFORE**, in exchange for good and valuable consideration, including, but not limited to, the execution of this Agreement and the Parties' consent to the dismissal with prejudice of all charges and claims alleged or that could have been alleged in the above-referenced Federal Lawsuit, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

**1.0** <u>**Consideration.**</u>



As consideration for the Plaintiff's agreement to be bound by the terms of this Agreement, Defendants, other than ~~Virginia~~ Victoria Tarleton, will be jointly and liable

for the following amounts. Defendants will cause to be paid to Plaintiff and/or on his behalf Nine Thousand Dollars ($9,000) paid in Thirty-Six (36) monthly payments of Two-Hundred and fifty dollars ($250) to begin three months after Court approval of this Release. Each payment shall be made in the name of Kevin D. Fitzpatrick, Jr., for which Defendants shall issue a 1099. In addition to this lump sum, Defendants will pay Plaintiff's share of the mediation expenses directly to the Mediator in two equal payment of Three Hundred Dollars ($300) beginning ten (10) days after Court approval of this Release and Settlement Agreement with the second payment to be made one month from the date of the First Payment. This Settlement is contingent on Plaintiff's dismissal with prejudice of ~~Virginia~~ Victoria  Tarleton from this action within five days of the execution of this document.

2. Each monthly payment shall become due and payable on the same date of each month that the Court approves this Release and Agreement.

3. DELONG CALDWELL BRIDGERS AND FITZPATRICK LLC shall be responsible for disbursing the correct amounts to Plaintiff each month.

4. In the event that DELONG CALDWELL BRIDGERS AND FITZPATRICK LLC does not ~~a~~ receive payment then due and owing, within ten (10) days of a due date, DELONG CALDWELL BRIDGERS AND FITZPATRICK LLC shall promptly

3

provide written notice as to such event via a fax sent to Chris Howard. The Defendants shall have ten (10) calendar days from the date of the receipt of the fax by their counsel to cure the deficiency. If the deficiency is not timely cured, all remaining sums due under this Settlement Agreement shall be immediately due.

## 2.0 General Release of Defendants.

The Defendants, for and in consideration of the general release granted by the Plaintiff and other good and valuable consideration, the receipt of which is hereby acknowledged, do hereby remise, release, acquit, satisfy, and forever discharge the Plaintiff, together with his present and former attorneys, agents, assigns, heirs, executors, administrators and successors, and any other person or entity who has acted or purported to act on his behalf (the foregoing together with the Plaintiff being hereinafter referred to as the "Plaintiff's Released Parties"), of and from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, in law or in equity, which the Defendants ever had, now have, or may have against the Plaintiff's Released Parties arising from or relating to the Plaintiff's placement, employment or contractual relationships with the Defendants, including but not limited to the allegations contained in the above-referenced Federal Lawsuit, or by reason of any matter,

cause, or thing whatsoever, from the beginning of time to the date of this agreement.

## 3.0   General Release of the Plaintiff.

Effective upon the Defendants' payment of all funds due under this agreement, the Plaintiff, for and in consideration of the release by the Defendants, the Settlement Amount and other good and valuable consideration, the receipt of which is hereby acknowledged, does for himself, his attorney, attorneys, agents, assigns, heirs, executors, administrators and successors, hereby remise, release, acquit, satisfy, and forever discharge the Defendants, together with their assigns, successors, affiliated parent or subsidiary corporations or companies, agents, officers, directors, members, shareholders, officers, parent corporations, subsidiaries, partners, estates, executors, administrators and successors, employees, present and former attorneys, legal representatives, divisions and insurers, and any other person or entity who has acted or purported to act on the Defendants' behalf (the foregoing being hereinafter referred to as the "Defendants' Released Parties"), of and from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character

whatsoever, whether known or unknown, in law or in equity which they ever had, now have, or may have against the Defendants' Released Parties arising from or relating to the Plaintiff's placement, employment or contractual relationships with the Defendants, including but not limited to the allegations contained in the above-referenced Federal Lawsuit, or by any reason of any matter, cause, or thing whatsoever, from the beginning of time to the date of this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by the Plaintiff include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all other possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief.

**4.0 Dismissal with Prejudice and Mutual Release by the Parties of All Claims.**

In connection with the execution of this Agreement, the Parties have agreed to the dismissal of the Federal Lawsuit with prejudice. Upon Plaintiff's counsel's receipt of the full Settlement Amount required by this Agreement, Plaintiff shall within ten (10) days file a dismissal with prejudice of Plaintiff's Federal Lawsuit. The Parties shall request that the Court retain jurisdiction pending the payment of all installments required by this Settlement Agreement.

The Parties agree that they will not attempt (or authorize an attempt) to initiate, or re-initiate, the allegations contained in the above-referenced Federal Lawsuit, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed.

### 5.0   No Loss of Consortium.

The Plaintiff hereby represents and warrants that, at all times pertinent, no person sustained any loss of consortium, or has any claim whatsoever for any injury or damage alleged to have been sustained by Plaintiff arising from or relating to the Plaintiff's placement, employment or contractual relationships with the Defendants, including but not limited to the allegations contained in the above-referenced Federal Lawsuit; and Plaintiff does further agree to indemnify, defend and hold harmless the Defendants hereunder from any action which may arise in

connection therewith to include any attorneys' fees, expenses of any kind or court costs associated with any such action.

**6.0  Warranty.**

The Plaintiff represents and warrants that he alone is entitled to assert any claim he may have against the Defendants of any kind or character arising out of, or as a consequence of, any employment or contractual relationship with the Defendants, including but not limited to, the matters which were alleged or could have been alleged in the Federal Lawsuit.  The Plaintiff further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against the Defendants. The Plaintiff agrees to indemnify and hold Defendants harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against Defendants or by reason of any such transfer or assignment, as described in this paragraph, and further agrees to indemnify and hold Defendants harmless from any costs, expenses or damages sustained by reason of any such claim. The Defendants represent and warrant that they are fully authorized to enter into this Agreement and that they have not transferred or assigned any right to any claim or recovery against the Plaintiff.

**7.0 Entire Agreement.**

This Agreement represents the entire agreement between the Parties as to the subject matter contained herein. Neither this Agreement nor any provision thereof may be changed, waived, discharged or terminated orally, unless the Parties agree otherwise in writing by an instrument signed by the Parties.

**8.0 Compromise and Settlement.**

This settlement shall not be construed as an admission of liability or wrongdoing on the part of any Party. The undersigned Parties expressly acknowledge that this settlement is being made as a compromise and settlement of disputed claims; that execution of, and compliance with, this Agreement, including any consideration paid in furtherance of this Agreement is not, and shall not, be construed to be an admission by any of the Parties of any liability or obligation whatsoever, by whom liability is expressly denied.

**9.0 Drafting of this Document.**

This Agreement is entered into after full opportunity for negotiations by the Parties and their counsel. For purposes of construing this Agreement, all Parties shall be considered the drafters with an equal responsibility for drafting the document.

**10.0 Applicable Law.**

The Parties agree that this Agreement shall be construed pursuant to the laws of the State of Georgia, without reference to principles of conflicts of law of Georgia or any other jurisdiction and, where applicable, the laws of the United States. The Parties agree that the state courts of Georgia, or (in the case of diversity of citizenship) the United States District Court for the Northern District of Georgia, shall have jurisdiction of any action or proceeding arising under this Agreement unless the Parties agree otherwise in writing. The Parties hereby agree to, contract for and consent to the personal and subject matter jurisdiction of such courts in any such suit, action or proceeding and waive any objection which any Party may otherwise have to the laying of venue of any such suit, action or proceeding in the locations as specified herein.

## 11.0 Survival.

The confidentiality and non-disparagement obligations entered into under this Agreement shall survive the full payment and resolution of all matters pursuant to this Agreement.

## 12.0 Partial Invalidity.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or

enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

**13.0 Counterparts.**

This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. A facsimile or electronic copy of a signature shall be deemed to be an original.

**14.0 Authorization.**

By signing below, each of the undersigned, individually and/or in his corporate capacity, represents and warrants that he is duly authorized and empowered to execute this Agreement and to bind the respective Party that he represents, and that this Agreement and its execution have been duly authorized by all necessary actions whatsoever on the part of such Party to this Agreement. The Plaintiff represents that he is executing this Agreement knowingly and voluntarily, and that he is legally competent to execute this Agreement. The Plaintiff affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he

fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has had a reasonable period of time within which to consider the Agreement; and that he has had reasonable opportunity to receive legal counsel before executing this Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed and entered into by the Parties effective as of the date of execution by the last Party to execute this Agreement.

_____
GREGORY WILSON
DATE:

_____
D.O.R.D.C., LLC
BY: Anthony Dowels
TITLE: Owner
DATE: 3-13-14

_____
ANTHONY DOWELS, individually
DATE: 3-13-14

_____
FINE POINT INVESTMENTS, LLC
BY: Victoria Jailo
TITLE: PRESIDENT
DATE: 03/13/14

12